Plaintiff sued to recover the value of a trunk of clothes, etc., that were damaged from water, while the trunk was temporarily in an uncompleted garage adjacent to a residence then being erected by the W. A. Gray Construction Company for the plaintiff. The suit is against Globe Indemnity Company of New York on a contract of insurance whereby that company obligated itself to pay for the construction company damages such as are herein claimed.
It appears that when the building was about eighty-five per cent completed, plaintiff, with the consent of the contractor, moved therein with his mother, father and sister. In order not to interfere too much with the men working inside the residence some household goods and effects and said trunk of clothing were stored in the garage. The doors to the garage had not been hung and for this reason its interior was accessible day and night to any one who desired to enter therein.
Plaintiff's theory is that the construction company's workmen allowed water to escape from a hydrant inside the garage in sufficient quantity to seep through the trunk's bottom and into and over its contents.
The only contested issue in the case is that of whether defendant or his employees negligently allowed sufficient water to escape from the hydrant to do the admitted damage. Plaintiff, of course, takes the affirmative of this proposition while the defendant holds the negative.
The lower court rejected plaintiff's demand and dismissed his suit on the ground that he failed to establish by a preponderance of the testimony that any one for whom the contractor was responsible left the hydrant open so that water escaped therefrom to cause the damage. Plaintiff appealed.
Plaintiff, his sister and mother, although living in the incompleted residence for the time the trunk was in the garage, admitted that at no time did they or either of them see water running from the hydrant to the floor, nor did they see water upon the floor in a quantity sufficient to cause the damage. It is true that to some extent the hydrant was used by the workmen to get water therefrom needed to carry on certain parts of the construction work.
All of the contractor's employees who worked on and about the building, who were available at time of trial, testified positively that they never allowed the hydrant to run water on to the garage floor, and it was stipulated by counsel that all other employees, if introduced as witnesses, would likewise testify.
The record does not positively preclude the possibility of rain water having been blown through the large opening for doors in the garage in sufficient quantities to inflict the damages described in the petition, and it is not shown, nor could it well be, that the hydrant was not left open by some person or persons for whose acts the construction company to no extent would be responsible. The fact that all the contents of the trunk were damaged lends force to the suggestion that rain water likely caused the damage. Water seeping through the bottom of a trunk, ordinarily, would not rise several inches to damage articles that distance above the bottom of the trunk.
We have studied the record quite closely and experience no difficulty in reaching the same conclusion as did the trial judge. Plaintiff has signally failed to support his allegations of negligence by proof of probative weight adequate to award him judgment; and for these reasons, the judgment appealed from is affirmed at plaintiff's cost. *Page 292